UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE BOYD GROUP (U.S.), INC., | ) | |
| | ) | |
| Plaintiff, | ) | 1:14-cv-7751 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| ROGER A. D'ORAZIO, JR. | ) | |
| | ) | |

## Memorandum and Order

The Motion for Protective Order filed by Non-Party Intervenor PPG Industries, Inc. ("PPG") (Dkt. 105) is denied. Defendant Roger A. D'Orazio, Jr. ("D'Orazio") requested discovery from Plaintiff The Boyd Group (U.S.), Inc. ("Boyd"), which will likely require Boyd to produce documents relating to PPG's business relationship with Boyd. PPG filed the instant motion as a non-party intervenor in this action, seeking an "attorneys' eyes only" designation over: 1) the paint supply contract that PPG entered into with Boyd, 2) drafts of that contract, and 3) "a small set of documents that reflect highly confidential and proprietary terms of the PPG-Boyd Contract." (Dkt. 105 at 2.) PPG argues that disclosure of these documents to its customers or competitors in "the auto collision refinish business poses serious and irreparable risks of economic harm to PPG," because those customers and competitors could glean proprietary information about PPG's pricing and business model. (Dkt. 105 at 5-6.) According to PPG, D'Orazio was involved in the relevant industry "for decades, and undoubtedly has frequent contact with participants to whom such disclosure could be made, whether inadvertently or otherwise." (Dkt. 105 at 7.) As such, granting PPG's motion is "proper and reasonable regardless of whether specific evidence presently exists that disclosure of this information to

1

D'Orazio would, or even might, result in disclosure to participants in the broader North American automotive refinish industry, including PPG's customers and/or competitors." (Dkt. 105 at 7.)

"In order to establish that information should be subject to a protective order, the party seeking protection bears the burden of establishing that: 1) the information is in fact a trade secret or confidential commercial information and 2) there is good cause to protect the information." *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300 (N.D. Ill. 1993). To establish "good cause" under Federal Rule of Civil Procedure 26(c), the moving party must show that the "disclosure 'will work a clearly defined and very serious injury' to its business." *Id*. at 300 n.1 (quoting *United States v. IBM Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975)). However, "broad allegations of harm unsubstantiated by specific examples of articulated reasoning do not satisfy the Rule 26(c) test." *Id.* Where the allegations of injury stemming from disclosure of confidential information are speculative, courts in this circuit have found that good cause does not exist. *See Harrisonville Telephone Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1078 (S.D. Ill. 2006). Courts must also balance the moving party's interest in privacy with the non-moving party's need to adequately and fully prepare its case. *See id.*[1]

PPG has failed to establish good cause for the protective order it seeks. First, PPG is incorrect that a protective order is appropriate "regardless of whether specific evidence presently exists" that D'Orazio might disclose the proprietary information. In fact, "courts have insisted

---

[1] This Court recognizes that the relevant documents in *Harrisonville* were ordered to be produced to outside counsel only in unredacted form, and produced to the parties "redacting pricing figures, that is, dollar amounts only, with the redactions shown by black strike-outs, for review by at least one employee" and the plaintiff. 472 F. Supp. 2d at 1079. However, PPG has not sought a limited disclosure to D'Orazio, and has instead sought to prevent disclosure of these documents to D'Orazio in any form. As such, the balance of the hardships in this suit is distinguishable from the court in *Harrisonville*. As discussed more fully below, an order preventing D'Orazio from any review of the documents would burden D'Orazio in his suit, while providing little to no additional privacy to PPG, considering that PPG is unable to identify a specific, substantiated risk of disclosure, and the existence of a pre-existing confidentiality agreement in this case that limits disclosure to third parties.

on particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause." 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2035 (3d ed. 2010) (collecting cases). PPG has failed to meet this requirement.

Moreover, D'Orazio is not a competitor of PPG. PPG asserts that D'Orazio was once a customer of PPG, but that is no longer true. In fact, it was D'Orazio's sale of his company and subsequent exit from the relevant industry that gave rise to the underlying suit in this case. The only evidence that PPG can conjure supporting its argument is that D'Orazio was involved in the relevant industry for a long time and "undoubtedly" has contact with participants in the industry. However, PPG has failed to identify who these participants are, or provide any evidence that D'Orazio is, in fact, in contact with them. In short, there is no immediate danger to PPG in allowing D'Orazio to see the relevant documents, and PPG has not articulated any harm other than a generalized, unsubstantiated, speculative fear that D'Orazio might divulge them to PPG's current competitors or customers. This is not sufficient to meet the "good cause" requirement pursuant to Rule 26(c). Additionally, there is already a confidentiality order in place in this suit that limits D'Orazio's ability to disclose PPG's documents to third parties. (Dkt. 71 at 4-5.) This sufficiently protects PPG's privacy interests, while allowing D'Orazio the ability to aid his counsel in preparing his defense by reviewing the relevant documents. Therefore, for the reasons discussed above, PPG's Motion for Protective Order (Dkt. 105) is denied.

**ENTERED:**

**DATED:** <u>September 15, 2015</u>

Susan E. Cox
United States Magistrate Judge

3